# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JUNELL KNOX #373966,      )
                                  )

      **Plaintiff,**      )
                                  )

**v.**                        )      **NO. 3:17-cv-00941**
                                  )      **JUDGE TRAUGER**

**TDOC, et al.,**      )
                                  )

      **Defendants**      )

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Junell Knox, an inmate of the West Tennessee State Penitentiary (WTSP), has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), along with an application to proceed in district court without prepaying fees and costs. (Doc. No. 2.)   The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A.      Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a).  Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee.  The warden of the facility in which Plaintiff is currently incarcerated, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial

payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the West Tennessee State Penitentiary to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

### B.     Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally

construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff's complaint is rambling and largely incoherent. He appears to allege that during a previous stay at the South Central Correctional Facility, beginning in November 2016 he was repeatedly charged with false disciplinary violations, which resulted in his being wrongfully placed in administrative segregation and transferred to "supermax" at WTSP. (Doc. No. 1 at 9–12.) He alleges repeatedly that actions have been taken against him as "retaliation." (Id. at 9, 11, 13, 14.) And he alleges that on some unspecified date, he was sprayed with four cans of mace, which was forced into his eyes, nose and mouth, making it difficult for him to breathe, and that he was denied medical treatment after that incident. (Id. at 10.)

To state a claim for a due process violation in connection with disciplinary convictions or resulting segregation under § 1983, a plaintiff must establish that he had a protected liberty or property interest, and that the defendants deprived him of that interest without due process. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999). In the prison context, protected liberty interests are limited to freedom from conditions that "impose[ ] atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In the absence of such hardship, violation of state or department policy does not amount to a constitutional violation. Id. Plaintiff's disciplinary convictions, placement on administrative segregation and transfer to WTSP clearly do not rise to that level: "We have previously held that an 'increase in security classification ... does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification.'" Williams v. Lindamood, 526 F. App'x 559, 563 (6th Cir. 2013) (quoting Harbin-Bey v. Rutter, 420 F.3d 571, 577 (6th Cir. 2005)); see also Merchant v. Hawk–Sawyer, 37 F. App'x 143 (6th Cir. 2002) (21 months in special housing unit for both administrative and disciplinary reasons were "ordinary incidents of prison life" and did not implicate protected liberty interest); Whitford v. Boglino, 63 F.3d 527, 532–33 (7th Cir. 1995) (six months in disciplinary confinement was not an atypical and significant hardship under Sandin). Accordingly, Plaintiff fails to state a claim for any violation of constitutional due process rights.

An inmate states a claim for retaliation in violation of the First Amendment when he establishes that: (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff in this case has not alleged that he engaged in any constitutionally protected conduct prior to the Defendants' alleged actions against him. Accordingly, his conclusory repetition of the word "retaliation" does not state a claim for a First Amendment violation.

Similarly, Plaintiff has not alleged the facts necessary to turn his complaint about the lack

of medical treatment into a constitutional claim. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. Ruiz v. Martin, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In this case, Plaintiff alleges he had difficulty breathing while he was being sprayed with mace, but he does not allege that the difficulty lasted for any significant period or that he suffered any other injury as a result of the incident that clearly required medical treatment. He has therefore failed to allege facts amounting to deliberate indifference to serious medical needs.

Finally, Plaintiff alleges that the use of mace amounted to mistreatment and abuse, which the Court construes to allege excessive force in violation of the Eighth Amendment, but he has failed to identify the Defendant(s) allegedly responsible for spraying him. (See Doc. No. 1 at 10.) Moreover, he has made clear that several of the Defendants, including Governor Haslam, Commissioner Parker, Assistant Commissioner Straughter and Warden Lindamood, are named as Defendants solely due to their supervisory capacity and the alleged misdeeds of their "understaff" (id. at 7), which does not support a finding of any liability for those Defendants under § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that liability under § 1983 "must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not

actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'").  Having found that Plaintiff knowingly named Defendants who were not personally involved in any of the alleged violations, the Court will not simply presume that any of the remaining Defendants WERE personally involved in the alleged excessive force, without an express allegation to that effect.  Plaintiff has therefore failed to state a claim against any Defendant even with regard to this allegation.

## C.     CONCLUSION

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This dismissal is without prejudice solely as to Plaintiff's claims for excessive force and retaliation.

Because Plaintiff's motion to amend his complaint does not cure the deficiencies resulting in the dismissal of his lawsuit, the motion (Doc. No. 5) is **DENIED** as moot.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

This 28th day of July 2017.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE